IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| ALFREDO GUEVARA-MORALES, § <br> AARON MARTINEZ-MENDOZA, § <br> EFREN MENDOZA-JUAREZ, § <br> EDUARDO MOSQUEDA-CASTILLO, § <br> CARLO AZAEL ZAVALA-RAMIREZ, § <br> and JUAN MOSQUEDA-GUERRERO § <br>  § <br> *Plaintiffs*, § <br>  § <br> v. § <br>  § <br> SANCHEZ FORESTRY, INC. d/b/a § <br> ABEL SANCHEZ FORESTRY SERVICES, § <br> and ABEL SANCHEZ, § <br>  § <br> *Defendant*. § | CAUSE NO. 1:19-cv-00052 |

## DEFENDANTS' ORIGINAL ANSWER AND DEFENSES

Defendants Sanchez Forestry, Inc. [1] and Abel Sanchez, ("Defendants") hereby submit their Original Answer and Defenses to Plaintiffs Alfredo Guevara-Morales, Aaron Martinez-Mendoza, Efren Mendoza-Juarez, Eduardo Mosqueda-Castillo, Carlo Azael Zavala-Ramirez, and Juan Mosqueda-Guerrero ("Plaintiffs") Original Complaint.

### RESPONSE TO COMPLAINT

1. Statements contained in Paragraph 1 are legal conclusions to which no response is required. To the extent that Plaintiffs make allegations of statutory and common law violations, Defendants deny all allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations contained in Paragraph 2.

---

[1] Defendant Sanchez Forestry, Inc. has never done business as Abel Sanchez Forestry Services. Sanchez Forestry, Inc. is a wholly separate company from Abel Sanchez Forestry Services and has never employed Plaintiffs or any H-2B employees.

## JURISDICTION AND VENUE

3. Defendants admit jurisdiction is proper in this Court. The remaining allegations contained in Paragraph 3 constitute legal conclusions to which no response is required.

4. The statements made in Paragraph 4 and 5, constitute legal conclusions to which no response is required.

5. Defendants admit the principal place of business for Defendant Sanchez Forestry, Inc. is in Jasper County, Texas, as asserted in Paragraph 6. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 6.

6. Defendants admit this Court has personal jurisdiction over Defendants as noted in Paragraph 7. The remaining statements in Paragraph 7 are legal conclusions to which no response is required.

## PARTIES AND SERVICE

7. Defendants are without sufficient knowledge to admit or deny Plaintiffs allegations contained in Paragraph 8.

8. The statements contained in Paragraph 9 are legal conclusions for which no response required.

9. Defendants deny that Sanchez Forestry, Inc. is doing business as Abel Sanchez Forestry Services, but admits that Sanchez Forestry, Inc. is a Texas corporation whose principal place of business is in Jasper County, Texas as stated in Paragraph 10.

10. Defendant Abel Sanchez admits the statements contained in Paragraph 11, that he is a natural person who resides in Jasper, Jasper County, Texas.

11. Defendants admit Abel Sanchez is a director and the president of Defendant Sanchez Forestry Inc. and is a shareholder in it, as noted in Paragraph 12.

12. Defendants deny the allegations contained in Paragraph 13.

## FACTS

13. Statements contained in Paragraphs 14, 15, 16, 17, and 18 constitute legal conclusions to which no response is required.

14. Defendants deny the allegations contained in Paragraphs 19 through 29, inclusive of their subparts.

15. Defendants deny the allegations contained in Paragraphs 30 and 31.

16. Defendants deny the allegations contained in Paragraph 31.

17. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 32 through 41.

18. Defendants deny the allegations asserted in Paragraphs 42 and 43.

19. Defendants deny the allegations contained in Paragraph 44.

20. Defendants deny the allegations contained in Paragraph 45.

21. Defendants deny the allegations contained in Paragraph 46.

22. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations regarding the content of a Work Conditions document in Paragraph 47. Further the allegations contained in Paragraph 47 constitute legal conclusions for which no response is required.

23. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 48.

24. Defendants deny the allegations contained in Paragraphs 49 through 52.

25. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 53 and 54.

26. Defendants deny the allegations contained in Paragraphs 55 through 58.

27. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 59.

28. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 60.

29. Defendants deny the allegations in Paragraph 61.

30. Defendants deny the allegations in Paragraph 62(a) through 62(p).

31. Defendants deny the allegations contained in Paragraph 63(a)-63(e).

32. Defendants deny the allegations contained in Paragraph 64.

33. Defendants deny the allegations contained in Paragraphs 65, 66, and 67.

34. Defendants deny the allegations contained in Paragraph 68.

35. Defendants deny the allegations contained in Paragraph 69.

36. Defendants admit a portion of the allegations contained in Paragraph 70, that Plaintiffs worked planting pine saplings and other tasks relating to the care of trees during the applicable time frame, but deny that Defendants provided any orders to Plaintiffs as they were not employed by Defendants.

37. Defendants deny the allegations contained in Paragraphs 71 through 82.

38. Defendants deny the allegations contained in Paragraph 83.

39. Defendants deny the allegations contained in Paragraphs 84 through 88.

40. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 89 and 90.

41. Defendants deny the allegations contained in Paragraphs 91 and 92.

42. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 93.

43. Defendants deny the allegations contained in Paragraphs 94 through 96.

44. Defendants deny the allegations contained in Paragraph 97.

45. Defendants admit the allegations contained in Paragraph 98.

46. Defendants admit the allegations contained in Paragraphs 99 and 100 to the extent that federal, state, or local agency certifications were not obtained for or posted in housing because Defendants did not employ Plaintiffs and provided no housing to Plaintiffs. To the extent that Paragraphs 99 and 100 imply Defendants has such duties, Defendants deny these allegations.

47. Defendants deny the allegations contained in Paragraphs 101 through 111.

48. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 112 and 113.

49. Defendants deny the allegations contained in Paragraph 114.

50. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 115.

51. Defendants deny the allegations contained in Paragraph 116.

52. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 117 through 124.

53. Defendants deny the allegations contained in Paragraph 125.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 126.

55. Defendants deny the allegations contained in Paragraphs 127 through 134.

## COUNT I: FAIR LABOR STANDARDS ACT

56. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 135.

57. Defendants deny the allegations contained in Paragraphs 136 through 142.

## COUNT II: MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

58. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 143.

59. Defendants deny the allegations contained in Paragraphs 144 through 151.

60. Defendants deny the allegations contained in Paragraph 152 and all subparts.

61. Defendants deny the allegations contained in Paragraph 153.

62. Defendants deny the allegations contained in Paragraph 154.

## COUNT III: BREACH OF CONTRACT

63. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 155.

64. Defendants deny the allegations contained in Paragraphs 156 through 160.

65. Defendants deny the allegations contained in Paragraph 161 and all its subparts.

66. Defendants deny the allegations contained in Paragraph 162.

67. Defendants deny the allegations contained in Paragraph 163.

## COUNT IV: TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT- FORCED LABOR

68. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 164.

69. The statements contained in Paragraph 165 are legal conclusions and as such do not require a response.

70. Defendants deny the allegations contained in Paragraph 166.

71. Defendants deny the allegations contained in Paragraph 167.

72. Defendants deny the allegations contained in Paragraph 168.

73. Defendants deny the allegations contained in Paragraph 169.

74. Defendants deny the allegations contained in Paragraph 170.

**COUNT V: TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT- UNLAWFUL CONDUCT WITH RESPECT TO DOCUMENTS IN FURTHERANCE OF TRAFFICKING AND FORCED LABOR**

75. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 171.

76. The allegations contained in Paragraph 172 constitute legal conclusions to which no response is required.

77. Defendants deny the allegations contained in Paragraph 173, 174, and 175.

**COUNT VI: TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT- UNLAWFUL CONDUCT WITH RESPECT TO IMMIGRATION DOCUMENTS**

78. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 176.

79. The allegations contained in Paragraph 177 constitute legal conclusions and require no response.

80. Defendants deny the allegations contained in Paragraphs 178.

81. Defendants deny the allegations contained in Paragraphs 179.

82. Defendants deny the allegations contained in Paragraphs 180.

**COUNT VII: TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT-TRAFFICKING WITH RESPECT TO FORCED LABOR**

83. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 181.

84. The allegations contained in Paragraph 182 are legal conclusions to which no response is required.

85. Defendants deny the allegations contained in Paragraph 183.

86. Defendants deny the allegations contained in Paragraph 184.

87. Defendants deny the allegations contained in Paragraph 185.

**COUNT VIII: TEXAS FORCED LABRO STATUTES**

88. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 186.

89. The allegations contained in Paragraph 187 constitute legal conclusions or statements of law to which no response is required.

90. Defendants deny the allegations contained in Paragraphs 188.

91. Defendants deny the allegations contained in Paragraphs 189.

92. Defendants deny the allegations contained in Paragraphs 190.

**COUNT IX: FRAUD**

93. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 191.

94. Defendants deny the allegations contained in Paragraphs 192 through 197.

## AFFIRMATIVE DEFENSES

95. Plaintiffs failed to state facts sufficient to bring a claim against Defendants as they did not employ Plaintiffs. Thus it was impossible for Defendants to commit any of the acts or omissions upon which Plaintiffs base their allegations.

96. Any and all damages claimed by Plaintiffs are subject to all statutory exclusions and limitations applicable to claims under any applicable federal or state statute.

97. Defendants retain the right to add any other and further defenses and affirmative defenses upon conducting discovery and in compliance with the Federal Rules of Civil Procedure and the Court's scheduling order.

## PRAYER

WHEREFORE, Defendants Sanchez Forestry, Inc. and Abel Sanchez respectfully request that this Court deny each and every demand, claim, and prayer for relief contained in the Complaint; award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this action; and grant such other and further relief that the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/ Patrick S. Richter*
Patrick S. Richter
State Bar No. 00791524
Patrick.richter@jacksonlewis.com
JACKSON LEWIS P.C.
816 Congress Ave., Suite 1530
Austin, Texas 78701
PH: 512.362.7100
FX: 512.362.5574

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

        I hereby certify that on April 5, 2019, a true and correct copy of the foregoing document was filed with the clerk for the U.S. District Court, Eastern District of Texas and a copy was forwarded via ECF notice to the following attorney of record:

Lead Attorney: William Grigg
Douglas L. Stevick
Lakshmi Ramakrishnan
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Ave.
San Antonio, Texas 78212

**ATTORNEYS FOR PLAINTIFFS**

                                                                        */s/ Patrick S. Richter*

4820-5013-8258, v. 1