IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ALFREDO GUEVARA-MORALES, | § | |
| AARON MARTINEZ-MENDOZA, | § | |
| EFREN MENDOZA-JUAREZ, | § | |
| EDUARDO MOSQUEDA-CASTILLO, | § | |
| CARLO AZAEL ZAVALA-RAMIREZ, | § | |
| and JUAN MOSQUEDA-GUERRERO | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CAUSE NO. 1:19-cv-00052 |
| | § | |
| SANCHEZ FORESTRY, INC. d/b/a | § | |
| ABEL SANCHEZ FORESTRY SERVICE, | § | |
| ABEL SANCHEZ FORESTRY SERVICE, | § | |
| and ABEL SANCHEZ, individually and | § | |
| d/b/a ABEL SANCHEZ FORESTRY | § | |
| SERVICE | § | |
| | § | |
| *Defendant*. | § | |

DEFENDANTS' ANSWER AND DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Sanchez Forestry, Inc.,[1] Abel Sanchez Forestry Service, and Abel Sanchez,

individually and d/b/a Abel Sanchez Forestry Service ("Defendants") hereby submit their Answer

and Defenses to Plaintiffs Alfredo Guevara-Morales, Aaron Martinez-Mendoza, Efren Mendoza-

Juarez, Eduardo Mosqueda-Castillo, Carlo Azael Zavala-Ramirez, and Juan Mosqueda-Guerrero

("Plaintiffs") First Amended Complaint.

---

[1] Defendant Sanchez Forestry, Inc. has never done business as Abel Sanchez Forestry Service.  Sanchez Forestry, Inc. is a wholly separate company from Abel Sanchez Forestry Service and has never employed Plaintiffs or any H-2B employees.

## RESPONSE TO COMPLAINT

1. Statements contained in Paragraph 1 are legal conclusions to which no response is required. To the extent that Plaintiffs make allegations of statutory and common law violations, Defendants deny all allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Defendants admit jurisdiction is proper in this Court.  The remaining allegations contained in Paragraph 3 constitute legal conclusions to which no response is required.

4. The statements made in Paragraph 4 and 5, constitute legal conclusions to which no response is required.

5. Defendants admit the principal place of business for Defendant Sanchez Forestry, Inc. is in Jasper County, Texas, as asserted in Paragraph 6.  Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 6.

6. Defendants admit this Court has personal jurisdiction over Defendants as noted in Paragraph 7.  The remaining statements in Paragraph 7 are legal conclusions to which no response is required.

## PARTIES AND SERVICE

7. Defendants are without sufficient knowledge to admit or deny Plaintiffs allegations contained in Paragraph 8.

8. The statements contained in Paragraph 9 are legal conclusions for which no response required.

9. Defendants deny that Sanchez Forestry, Inc. is doing, or has ever done, business as Abel Sanchez Forestry Services, but admits that Sanchez Forestry, Inc. is a Texas corporation whose principal place of business is in Jasper County, Texas as stated in Paragraph 10.

10. Defendant Abel Sanchez admits the statements contained in Paragraph 11, that he owns Abel Sanchez Forestry Service ("ASFS"), which is a sole proprietorship.

11. Defendant Abel Sanchez admits the statements contained in Paragraph 12, that he is a natural person who resides in Jasper, Jasper County, Texas and he has conducted business as ASFS.

12. Defendants admit Abel Sanchez is a director and the president of Defendant Sanchez Forestry Inc. and is a shareholder in it, as noted in Paragraph 13.

13. Defendants deny the allegations contained in Paragraph 14.

## FACTS

14. Statements contained in Paragraphs 15, 16, 17, 18, and 19 constitute legal conclusions to which no response is required.

15. Defendants admit that ASFS submitted an H-2B application for temporary employment certification with the anticipated 35 hours of work per week.  Defendants deny the remaining allegations contained in Paragraph 20.

16. Defendants admit that Abel Sanchez signed the H-2B application for temporary employment certification and deny the remaining allegations in Paragraph 21.

17. Defendants deny the statement contained in Paragraphs 22 through 30, inclusive of their subparts.

18. Defendants deny the allegations contained in Paragraphs 31 and 32.

19. Defendants deny the allegations contained in Paragraph 33.

20. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 34 through 4.

21. Defendants deny the allegations asserted in Paragraphs 43 and 44.

22. Defendants deny the allegations contained in Paragraph 45.

23. Defendants deny the allegations contained in Paragraph 46.

24. Defendants deny the allegations contained in Paragraph 47.

25. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations regarding the content of a Work Conditions document in Paragraph 48. Further the allegations contained in Paragraph 48 constitute legal conclusions for which no response is required.

26. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 49.

27. Defendants deny the allegations contained in Paragraphs 50 through 53.

28. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 54 and 55.

29. Defendants deny the allegations contained in Paragraphs 56 through 59.

30. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 60.

31. Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the allegation contained in Paragraph 61.

32. Defendants deny the allegations in Paragraph 62.

33. Defendants deny the allegations in Paragraph 63(a) through 63(p).

34. Defendants deny the allegations contained in Paragraph 64(a)-64(e).

35. Defendants deny the allegations contained in Paragraph 65.

36. Defendants deny the allegations contained in Paragraph 66.

37. Defendants deny the allegations contained in Paragraph 67.

38. Defendants deny the allegations contained in Paragraphs 68, and 69.

39. Defendants deny the allegations contained in Paragraph 70.

40. Defendants deny the allegations contained in Paragraph 71.

41. Defendants admit a portion of the allegations contained in Paragraph 72, that Plaintiffs worked planting pine saplings and other tasks relating to the care of trees during the applicable time frame, but deny that Defendants provided any orders to Plaintiffs as they were not employed by Defendants.

42. Defendants deny the allegations contained in Paragraphs 73 through 84.

43. Defendants deny the allegations contained in Paragraph 85.

44. Defendants deny the allegations contained in Paragraphs 86 through 90.

45. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 91 and 92.

46. Defendants deny the allegations contained in Paragraphs 93 and 94.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 95.

48. Defendants deny the allegations contained in Paragraphs 96 through 98.

49. Defendants deny the allegations contained in Paragraph 99.

50. Defendants admit the allegations contained in Paragraph 100.

51. Defendants admit the allegations contained in Paragraphs 101 and 102 to the extent that federal, state, or local agency certifications were not obtained for or posted in housing because

Defendants did not employ Plaintiffs and provided no housing to Plaintiffs. To the extent that Paragraphs 101 and 102 imply Defendants has such duties, Defendants deny these allegations.

52. Defendants deny the allegations contained in Paragraphs 103 through 113.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 114 and 115.

54. Defendants deny the allegations contained in Paragraph 116.

55. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 117.

56. Defendants deny the allegations contained in Paragraph 118.

57. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 119 through 126.

58. Defendants deny the allegations contained in Paragraph 127.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 128.

60. Defendants deny the allegations contained in Paragraphs 129 through 136.

## COUNT I: FAIR LABOR STANDARDS ACT

61. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 137.

62. Defendants deny the allegations contained in Paragraphs 138 through 143.

## COUNT II: MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT

63. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 144.

64. Defendants deny the allegations contained in Paragraphs 145 through 1521.

65. Defendants deny the allegations contained in Paragraph 153 and all subparts.

66. Defendants deny the allegations contained in Paragraph 154.

67. Defendants deny the allegations contained in Paragraph 155.

### COUNT III: BREACH OF CONTRACT

68. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 156.

69. Defendants deny the allegations contained in Paragraphs 157 through 161.

70. Defendants deny the allegations contained in Paragraph 162 and all its subparts.

71. Defendants deny the allegations contained in Paragraph 163.

72. Defendants deny the allegations contained in Paragraph 164.

### COUNT IV: TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT-FORCED LABOR

73. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 165.

74. The statements contained in Paragraph 166 are legal conclusions and as such do not require a response.

75. Defendants deny the allegations contained in Paragraph 167.

76. Defendants deny the allegations contained in Paragraph 168.

77. Defendants deny the allegations contained in Paragraph 169.

78. Defendants deny the allegations contained in Paragraph 170.

79. Defendants deny the allegations contained in Paragraph 171.

### COUNT V: TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT-UNLAWFUL CONDUCT WITH RESPECT TO DOCUMENTS IN FURTHERANCE OF TRAFFICKING AND FORCED LABOR

80. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 172.

81. The allegations contained in Paragraph 173 constitute legal conclusions to which no response is required.

82. Defendants deny the allegations contained in Paragraph 174, 175, and 176.

### COUNT VI: TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT-UNLAWFUL CONDUCT WITH RESPECT TO IMMIGRATION DOCUMENTS

83. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 177.

84. The allegations contained in Paragraph 178 constitute legal conclusions and require no response.

85. Defendants deny the allegations contained in Paragraphs 179.

86. Defendants deny the allegations contained in Paragraphs 180.

87. Defendants deny the allegations contained in Paragraphs 181.

### COUNT VII: TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT-TRAFFICKING WITH RESPECT TO FORCED LABOR

88. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 182.

89. The allegations contained in Paragraph 183 are legal conclusions to which no response is required.

90. Defendants deny the allegations contained in Paragraph 184.

91. Defendants deny the allegations contained in Paragraph 185.

92. Defendants deny the allegations contained in Paragraph 186.

## COUNT VIII: TEXAS FORCED LABOR STATUTES

93. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 187.

94. The allegations contained in Paragraph 188 constitute legal conclusions or statements of law to which no response is required.

95. Defendants deny the allegations contained in Paragraphs 189.

96. Defendants deny the allegations contained in Paragraphs 190.

97. Defendants deny the allegations contained in Paragraphs 191.

## COUNT IX: FRAUD

98. Defendants reassert and incorporate by reference all prior admissions and denials responsive to Plaintiffs' allegations incorporated by Paragraph 192.

99. Defendants deny the allegations contained in Paragraphs 193 through 198.

## AFFIRMATIVE DEFENSES

100. Plaintiffs failed to state facts sufficient to bring a claim against Defendants as they did not employ Plaintiffs. Thus, it was impossible for Defendants to commit any of the acts or omissions upon which Plaintiffs base their allegations.

101. Any and all damages claimed by Plaintiffs are subject to all statutory exclusions and limitations applicable to claims under any applicable federal or state statute.

102. Defendants retain the right to add any other and further defenses and affirmative defenses upon conducting discovery and in compliance with the Federal Rules of Civil Procedure and the Court's scheduling order.

## PRAYER

WHEREFORE, Sanchez Forestry, Inc., Abel Sanchez Forestry Service, and Abel Sanchez,

individually and d/b/a Abel Sanchez Forestry Service respectfully request that this Court deny

each and every demand, claim, and prayer for relief contained in the Complaint; award to

Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this

action; and grant such other and further relief that the Court may deem just and proper.

Respectfully submitted,

By:  */s/ Patrick S. Richter*
Patrick S. Richter
State Bar No. 00791524
Patrick.richter@jacksonlewis.com
JACKSON LEWIS P.C.
816 Congress Ave., Suite 1530
Austin, Texas 78701
PH: 512.362.7100
FX: 512.362.5574

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2019, a true and correct copy of the foregoing document was filed with the clerk for the U.S. District Court, Eastern District of Texas and a copy was forwarded via ECF notice to the following attorney of record:

Douglas L. Stevick
William Grigg
Lakshmi Ramakrishnan
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Ave.
San Antonio, Texas 78212

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Patrick S. Richter*
Patrick S. Richter